IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD DRAUGHN,       : | |
|     Plaintiff,       : | |
| : | |
| v.       : | Case No. 2:25-cv-0531-JDW |
| : | |
| THE HONORABLE THOMAS       : | |
| P. MCCABE, *et al.*,       : | |
|     Defendants.       : | |

## MEMORANDUM

Reginald Draughn, currently a pretrial detainee incarcerated at Chester County Prison ("CCP"), filed this civil action against The Honorable Thomas P. McCabe, Sameer Barkawi, and Chester County Prison.[1] (ECF No. 1 ("Compl.") at 1.) For the following reasons, I will dismiss Mr. Draughn's Complaint with leave to amend.

## I.   FACTUAL ALLEGATIONS[2]

On August 5, 2021, Mr. Draughn was charged with felony and misdemeanor counts of giving a materially false written statement in the purchase, delivery, or transfer

---

[1] Although Draughn listed Chester County Prison in the Complaint, the Clerk Of Court did not list it as a named Defendant on the docket. The Order that accompanies this Memorandum will direct the Clerk to add CCP as a named Defendant.

[2] I draw the facts from Mr. Draughn's Complaint, which is the operative pleading in the case. Mr. Draught has submitted a litany of letters and exhibits since he filed his Complaint. The Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021). If Mr. Draughn files an amended complaint, he must include all relevant information in a single document.

of a firearm, in a case pending in the Chester County Court of Common Pleas. *Commonwealth v. Draughn*, CP-15-CR-2835-2021 (C.P. Chester). Mr. Draughn is currently in custody at CCP following an Order dated August 16, 2024, increasing his bail from $5,000 to $250,000.  Mr. Barkawi is his court-appointed defense counsel.

In the Complaint in this case, Mr. Draughn asserts a series of vague, generalized claims arising from his present confinement. In the other documents he submitted post-Complaint, Mr. Draughn alleges a wide variety of claims against both the named Defendants and other individuals (only some of whom he identifies). He asserts that he is being "falsely . . . imprisoned" on criminal charges in a case "that was thrown out over 4 years ago." (ECF No. 5 at 1; ECF No. 7 at 1.) He disputes the validity of the charges against him and states that he has been awaiting a competency evaluation for several months. According to Mr. Draughn, Mr. Barkawi has failed to expedite the mental competency evaluation or bring the case to a resolution. Judge McCabe has issued improper rulings in his case, including ordering an unnecessary mental competency evaluation and "exclud[ing] all evidence and witnesses." (ECF No. 5 at 1; ECF No. 11.)

Mr. Draughn also appears to assert several claims based on the conditions of his confinement at CCP. A CCP lieutenant, not who he does not name as a defendant, "stomped on [his] head" in November 2024 in an incident involving five other correctional officers. (ECF No. 22.) While at CCP, he has not received adequate medical or mental health treatment, has been subject to voyeurism, and was denied the right to

vote. Also, in an apparently unrelated incident, in 2022 eight security guards assaulted him at Albert Einstein Medical Center.

I understand Mr. Draughn's Complaint to assert claims under the Sixth Amendment for denial of his right to a speedy trial, the Fourteenth Amendment for excessive use of force and denial of adequate medical care, and the Fifteenth Amendment for denial of the right to vote. Mr. Draughn does not specify what form of relief he seeks for his claims but appears to seek dismissal of his case or release from custody.

## II.    STANDARD OF REVIEW

Although Mr. Draughn has paid the filing fee in full, because he is incarcerated I have the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000). Section 1915A requires that me to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there

is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.  DISCUSSION

The vehicle by which a plaintiff may bring federal constitutional claims in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.  Claims Against Judge McCabe

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). As Mr. Draughn's § 1983 claims against Judge McCabe arise from acts he took in his judicial capacity while presiding over Mr. Draughn's criminal case, over which he clearly had jurisdiction to act, the claims against Judge McCabe fail, and I will dismiss them with prejudice.

### B. Claims Against Mr. Barkawi

Mr. Draughn's claims against Mr. Barkawi appear to arise from Mr. Barkawi's failure to expedite Mr. Draughn's mental competency evaluation and the resolution of his criminal case. However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). "[B]efore private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation." *Id.* at 278 (quote omitted). Therefore, Mr. Barkawi is not subject to liability under § 1983, so I will dismiss the claims against him with prejudice.

### C. Claims Against Chester County Prison

A prison is not a "person" under Section 1983. *See Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010). Therefore, Mr. Draughn's claims against CCP fail as a matter of law, and I will dismiss them with prejudice.

## IV. CONCLUSION

I will dismiss the claims in Mr. Draughn's Complaint with prejudice. I will give Mr. Draughn an opportunity to file an amended complaint to assert the various allegations

in his post-Complaint filings, and I will screen any such claim for merit if Mr. Draughn submits it. An appropriate Order with instructions on filing the amended complaint follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 31, 2025

6