IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD DRAUGHN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:25-cv-00531-JDW |
| | : | |
| THE HONORABLE | : | |
| THOMAS P. MCCABE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

Reginald Draughn, a pretrial detainee incarcerated at Chester County Prison ("CCP"), has filed a Second Amended Complaint asserting civil rights claims against several corrections officers. Because there's not enough detail in the Second Amended Complaint, I will dismiss it and give Mr. Draughn one more chance to plead a viable claim.

I.   **FACTUAL ALLEGATIONS**

The allegations in the SAC are sparse. Mr. Draughn asserts that on March 23 (he doesn't specify what year), he asked Officer Little about his release from CCP. Officer Little left and returned shortly thereafter with Officers Carroll, Guldan, and Hirsch, who assaulted him, including using pepper spray against him, even when Mr. Draughn was on the ground. The incident continued after the Officers took Mr. Draughn to the medical ward, where Officer Gunthrie them in resuming the assault on Mr. Draughn.

On March 31, 2025, I screened Mr. Draughn's initial Complaint and dismissed it with leave to amend. Mr. Draughn filed a First Amended Complaint on April 14, 2025. Before I could screen it, Mr. Draughn filed a Second Amended Complaint on April 21, 2025. I treat the Second Amended Complaint as operative.

## II.   STANDARD OF REVIEW

Although Mr. Draughn has paid the filing fee in full, the Court has the authority to screen his SAC pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) Where, as here, a court has granted a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe is allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.     DISCUSSION

Because Mr. Draughn was a pretrial detainee during the relevant event, the Due Process Clause of the Fourteenth Amendment governs his excessive force claims. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a due process violation based on excessive force, a pretrial detainee must allege plausibly that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. To make that determination, courts consider, among other things, "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. at 397. Whether government officials used unreasonable force "requires 'careful attention to the facts and circumstances of each particular case.'" *Jacobs v. Cumberland County*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Courts should analyze "these

circumstances 'from the perspective of a reasonable officer on the scene'" while keeping in mind that decisions about force require the expertise of correctional officers, "'who must have substantial discretion to devise reasonable solutions to the problems they face.'" *Id.* at 195 (quoting *Kingsley*, 576 U.S. at 397 & 399).

Mr. Draughn asserts that the five Defendants "assault[ed]" and "mac[ed]" him. (ECF No. 30 at § IV.D.) Although Rule 8 of the Federal Rules of Civil Procedure "does not require detailed factual allegations ... naked assertion[s], devoid of further factual enhancement" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quotation marks omitted). Mr. Draughn does not refer to the actions of any specific correctional officer. Instead, he describes their action as a group. This is insufficient to allege personal involvement. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014). Without these basic facts, I cannot "draw the reasonable inference that [any named] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mr. Draughn also does not describe the circumstances that led to the alleged use of force other than stating that he asked Officer Little about his release. Without additional facts concerning the events preceding the use of force, Mr. Draughn fails to allege plausibly that the Officers' actions were objectively unreasonable. *See Kingsley*, 576 U.S. at 397. Therefore, I will dismiss Mr. Draughn's Fourteenth Amendment excessive force claims without prejudice and permit him an opportunity to amend to flesh out these claims.

**IV.  CONCLUSION**

I will dismiss Mr. Draughn's Second Amended Complaint I will give him one more opportunity to cure the flaws in his pleading. If he files a third amended complaint, Mr. Draughn should, to the best of his ability, describe with specificity the nature of the force used against him, indicate which Defendant(s) were responsible for using the force, and clarify the circumstances under which the force was used. An appropriate Order with additional information about amendment follows.

                                      **BY THE COURT:**

                                      */s/ Joshua D. Wolson*
                                      **JOSHUA D. WOLSON, J.**

May 12, 2025